UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE JAVIER CAMPOS,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST COUNTY DETENTION FACILITY, et al.,<br><br>    Defendants. | Case No. 25-cv-06190-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pretrial detainee in Contra Costa County jail proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983. He is granted leave to proceed *in forma pauperis* by separate order.

## DISCUSSION

### 1. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include

1  detailed factual allegations in a complaint, the complaint must do more than recite elements of a
2  cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to
3  raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550
4  U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is
5  plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While
6  legal conclusions can provide the framework of a complaint, they must be supported by factual
7  allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
8  veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
9  *v. Iqbal*, 556 U.S. 662, 679 (2009).

10  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
11  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
12  the alleged deprivation was committed by a person acting under the color of state law. *West v.*
13  *Atkins*, 487 U.S. 42, 48 (1988).

**2.  Legal Claims**

Plaintiff alleges as follows: Deputy Baily yelled at him with a flashlight in his face on June 26, 2025, and constantly harasses him, making the module environment fearful and unpleasant. Deputy Baily also demanded that Plaintiff approach him and accused Plaintiff of cheeking or snorting his meds. Sergeants Paisan and Smally wrote on a grievance response that Deputy Baily's actions were appropriate under jail policy, and Sergeant Shepard wrote that there is no policy but Deputy Baily's actions were allowed during count. Plaintiff seeks damages and a stay away from Deputy Baily.

Plaintiff has not stated a cognizable claim for violation of his constitutional rights. When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "To constitute punishment, a government action must (i) harm a detainee and (ii) be intended to punish him." *Houston v. Maricopa County*, 116 F.4th 935, 940 (9th Cir. 2024). If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without

2

1    more, amount to punishment.  *See Bell*, 441 U.S. at 539.  To prove an excessive force claim under

2    section 1983, a pretrial detainee must show that the "force purposely or knowingly used against

3    him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015).

4        Shining a light in Plaintiff's face and checking if he took his medicine do not rise to the

5    level of a constitutional violation.  Plaintiff may choose to file an amended complaint explaining

6    in more detail what other conduct Defendant Baily has committed towards him that amounted to

7    punishment and did not serve a legitimate purpose, or that constituted unreasonable use of force.

8        Plaintiff cannot sue the jail itself under section 1983 as the jail is not a "person" within the

9    meaning of the law.  Plaintiff's allegations against Defendants Paisan, Smally, and Shepard are

10   insufficient to state a claim because he alleges only that they participated in the grievance process.

11   Denying a grievance is not in and of itself a constitutional violation.  Defendants are only liable

12   under section 1983 if they personally participated in or directed a violation of Plaintiff's rights.

13   *See James v. Rowlands*, 606 F.3d 646, 653 n.3 (9th Cir.2010).  If Plaintiff chooses to file an

14   amended complaint, he should only name as defendants anyone who personally participated in or

15   directed a violation of his constitutional rights.

## CONCLUSION

17   1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set

18   forth above.  The amended complaint must be filed within **twenty-eight (28) days** of the date this

19   order is filed, and it must include the caption and civil case number used in this order and the

20   words "AMENDED COMPLAINT" on the first page.  Because an amended complaint completely

21   replaces the original complaint, Plaintiff must include in it all the claims he wishes to present.  *See*

22   *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material

23   from the original Complaint by reference.  Failure to amend within the designated time will result

24   in dismissal of this case.

25   2. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

26   informed of any change of address by filing a separate paper with the clerk, headered "Notice of

27   Change of Address," and must comply with the court's orders in a timely fashion.  Failure to do so

28   may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 24, 2025

_____
ROBERT M. ILLMAN
United States Magistrate Judge